UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM FERNELL AND NICHOLAS FERNELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2594** |
| **ANN MCKINNIE, EDGAR MCKINNIE, AND UNITED STATES AUTOMOBILE ASSOCIATION** | **SECTION "K" (5)** |

## ORDER

Before the Court is defendant Ann McKinnie's Motion for Summary Judgment (Rec. Doc. No. 19). After review of the pleadings and memoranda, the Court **DENIES** the Motion for the following reasons.

**Background**

On or about July 16, 2004 plaintiff Kim Fernell's vehicle was struck from behind by a vehicle driven by defendant Ann McKinnie. McKinnie had stopped behind Fernell at a yield sign when allegedly McKinnie's car was struck from the rear by an older model, dark colored vehicle. The impact was such that McKinnie's car was subsequently pushed into the rear of the vehicle operated by plaintiff Fernell. Plaintiff and her husband filed the instant lawsuit as a result of injuries and damages allegedly sustained due to the accident. Defendant McKinnie

subsequently filed the instant motion for summary judgment, arguing that she is completely free from fault in that she was operating her vehicle in a safe and prudent manner and was stopped at a safe distance behind the plaintiff when she was involuntarily and unavoidably pushed from behind by another car into plaintiff's vehicle.  McKinnie argues that but for the older, darker vehicle negligently impacting her from the rear, her vehicle never would have made contact with plaintiff's vehicle, and because she did not actually cause the accident at issue she should not be held liable for any of plaintiff's claims.  Importantly, the older, darker colored car fled the scene and has not been found.  Plaintiff Fernell responds that too many material questions of fact remain and that summary judgment is improper.  Plaintiff argues there is a dispute as to how exactly the accident took place, specifically whether the defendant's car was too close the rear of her car, and whether defendant was indeed actually struck by another vehicle as she has claimed.

**Legal Standard**

   Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on the affidavits." *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Id*. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc*., 828 F.2d 291, 294 (5th Cir. 1987).

La. R.S. 32:81(A) states that "the driver of a motor vehicle shall not follow another vehicle more closely than it is reasonable and prudent having due regard for the speed of such vehicle and the traffic upon and condition of the highway." Id. Additionally, "when an innocent third party is injured as a result of the collision between two (or more) drivers, each of the drivers is deemed guilty of *negligence per se* and the burden of proof falls upon each to

exculpate himself from negligence proximately causing the injury to the third party." *Poche' v. Frazier*, 232 So.2d 851, 856 (La. App.4th Cir. 1970).

**Analysis**

The Court finds that there remain genuine issues of material fact as to how the accident occurred such that grant of summary judgment is improper. As a threshold matter, there is a dispute from the deposition testimony submitted as to whether there ever was another car behind Ms. McKinnie, and how exactly the accident occurred. Plaintiff has testified that upon looking into her rearview mirror, she never saw another car behind the defendants, see Dep. of Fernell, p. 24, lines 12-21, while defendant has testified there was another car that "bumped" her into the back of plaintiff, see Dep. of McKinnie, p. 22, lines 4-7. Importantly, this alleged third car has not been found. Thus the Court finds that this dispute over how the accident took place not only goes to the heart of the instant matter, but also necessitates a credibility determination for the finder of fact. As stated above, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255. As such defendant's motion must be denied.

Accordingly,

**IT IS ORDERED** that defendant Ann McKinnie's Motion for Summary Judgment (Rec. Doc. No. 19) is hereby **DENIED.**

New Orleans, Louisiana, the   26th day of July, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**